Chief Justice Bibb
delivered the Opinion of the Court.
Beauchamp sued Brown, upon a cov enant, by which it appears that the heir:, of M’Crack-en, had instituted a suit for a tract of land which Benjamin Brown had conveyed to the defendant William Brown; that the defendant had employed the plaintiff to attend to the defence of the suit so instituted by M’Cracken’s heirs, and if Beauchamp should compel the said heirs to centre the improve ment on which their claim depended, Brown to pay Beauchamp one hundred dollars, if not, nothing; and if Beauchamp defeated the claim of the heirs, then-Brown to give Beauchamp one-half of all the *414 land within Brown’s patent, above where M’Craclc-' en’s l°wer hne would come to, if the improvement was centred, besides the one hundred dollars.
Declaration.'
Demurrer to the declaration — overruled. Pleas, of champerty, and of non-performance of conditions precedent, overruled.
Verdict and judgment for plaintiff.
Pica of chainperty adjudged good by this court. ed good by
Classes and species of and their deflrations.
The declaration avered, that by the decision of the court of appeals, the claim of M’Cracken’s heirs was declared invalid, and demanded the money, but not the land, according to the stipulations in the covenant.
The defendant demurred to the declaration, and his demurrer was overruled; he pleaded that Beau-champ at the date of the covenant, had not any interest in the” controversy with M’Cracken’s heirs; that he was not an attorney or counsellor at law, at or before, or since the said covenant, and that the said covenant was contrary to the lawrs against champerty and maintenance, and void; to this the plaintiff demurred, and his demurrer was sustained.
The defendant also pleaded, that Beauchamp had not performed the covenant on his part; to this the plaintiff demurred, and his demurrer was sustained.
The plaintiff has judgment, according to the assessment of the jury upon a writ of inquiry, for the money and interest, amounting to ‡125 67.
Upon the pleadings, the judgment should have been for the defendant Brown; because the contract was for maintenance and champerty.
Maintenance signifies, an unlawful taking in hand, or upholding of quarrels or sides, to the disturbance or hindrance of common right. It is divided into two classes. First: Ruralis, or in the country, as where one assists another in his pretensions to certain lands, or stirs up quarrels and suits in the country, in relation to matters wherein he is in no way concerned, Secondly: Curialis, or in a court of justice, as where one officiously intermeddles in a suit depending in any such court, which no way belongs to him, by assisting either party with money, or otherwise, in the prosecution or defence of any such suit.
Of this second class of maintenance, there are three species. First: Where one maintains another *415 in his suit without any contract to have part of the thing in suit, which generally goes under the common name of maintenance. Secondly: Where one maintains one side, to have part of the thing in suit, which is called champerty. Thirdly: Embracery, as where one attempts to corrupt, or influence, or instruct a jury, or any way to incline them to be more favorable to the one side or the other, by money, letters, promises, threats, or pursuasions, .except only by the strength of evidence, and the arguments of counsel in open court, at the trial of the cause; so also by laboring a juror to appear, and act according to conscience, or by indirect means, as where persons procure themselves or others to be sworn on a jury to serve the one side. (1 Hawk, pl. cor. chap. 83, 84, 85, p. 535 to 552; 2d. Inst. 212, 213; Coke Litt. 368; 1 Sand. 301.)
A contract to aid in defence of a suit, in consideration of money, and a part of the land, in the event of success, was both simple maintenance and champerty.
Definition of maintenance.
The covenant in question, falls directly within the first and second species of unlawful maintenance of a suit in court, that is to say, within simple maintenance and champerty; for the plaintiff in this action, not only undertook to manage and assist in the defence of the suit of M’Cracken’s heirs against Brown, and to uphold Brown in that suit, but was in the event of success to have a part of 'the land in controversy.
“Maintenance is an unlawful upholding, of the demandant, or plaintiff, tenant or defendant, in a cause depending in suit, by word, writing, countenance or deed.” 2d. Inst. 212.
Maintenance, commonly so called, may be, by assisting another with money to carry on his cause, or by otherwise bearing him out in the whole, or a part of the expense of the suit; or by one, who by his friendship or interest, saves a party that expense, which he might otherwise be put to, or but endeavors to do so. And all such persons as give, or but endeavor to give, any other kind of assistance to either of the parties in the management of the suit depending between them are guilty of maintenance. 1' Hawk. chap. 83, sect. 4, 5, 6 and 7, p. 535 and 536.
Champerty defined.
What causes will justify assistance to a litigant in upholding a suit.
Kvils of maintenance.
Champerty is the unlawful maintenance of a suit, in consideration of some bargain to have part of the thing in dispute, or some profit out of it. 1 Hawk. pl. co. p. 545; Co. Lit. 368. Every champerty is maintenance, but every maintenance is not champerty; for champerty is but a species of maintenance, which is the genus. 2 Inst. 207.
In the definitions of maintenance and champerty, is to be observed, that the unlawful intermeddling or upholding, constitutes the offence. For some acts of assistance and upholding are justifiable by reason of consanguinity or affinity, or of interest, or of the relations of landlord and tenant, master and servant, neighbor and neighbor, attorney or counsellor and client. The acts which may or may not be justified by reason of any of these relations, are measured and graduated according to those relations respectively, as will be seen in Hawkins’ Pleas of the Crown, vol. 1. chap. 83 and 84.
But the plaintiff here, from the pleadings in the cause, has no pretence or color of justification, by reason of consanguinity, affinity, or interest, or other of the relations recognized in law as justifying any kind of upholding or intermeddling with the suit referred to in the covenant. The covenant sued on, was a eontract and agreement for unlawful maintenance and champerty.
All these species and classes of maintenance are offences at common law. They are strictly prohibited and denounced as contrary to sound policy, the peace of society, and the safe administration of impartial justice; having a manifest tendency to oppression, by encouraging and assisting persons to persist in suits, which perhaps they would not venture to go on with, upon their own bottoms in prosecution or defence. They tend to prevent the observance of the golden rule and sacred advice, “agree with thine adversary quickly whilst thou art in the way with him.” Maintenance is malum in sc, and against the common law, and statutory provisions in aid of the common law. (2 Inst. 212; 1 Hawk. chap. 83, sect. 36, p. 543; 1 Digest laws Ken. chap. 37.)
Maintenance is a misdemeanor, and punishable byline and imprisonment.
Judgment andmandatb.
Wickliffe, for plaintiff; Haggin and Loughborough, for defendant.
“Culpa est se immiscere rei ad se non pertinenti' pendente lite nihil {unmetur:” “it appeareth that the end of champerty and maintenance is to suppress justice and truth, or at least to work delay, and therefore, it is malum in se, and against the common law.” 2 Inst. 208.
All offenders of this kind, are not only liable to action at the suit of the party agrieved, but may also be indicted as offenders against public justice, and upon conviction may be fined and imprisoned according to the circumstances of the offence. Contracts founded on any of these species of unlawful maintenance are void.
The judgment upon demurrer, should have been for the defendant below.
It is, therefore, considered by the court, that the judgment be reversed, and the cause remanded to the circuit court, with directions to enter judgment for the defendant in that court, upon the demurrer.
Plaintiff in this court to recover his costs.